## GEORGE S. WHIPPIE *vs.* WILLIAM H. WALSH.

Middlesex. January 25, 1897. — January 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Conversion — Officer — Pleading — Exceptions — Trial.*

In an action against an officer for the conversion of property alleged to belong to the plaintiff, if the defendant answers by a general denial, and also justifies his taking under a writ in which the present plaintiff was not a defendant, the alleged justification is not a good answer, but, under the general denial, it is for the plaintiff to prove ownership of the property so attached, and if it appears from a bill of exceptions alleged by him that the only issue submitted to the jury, under instructions not objected to, was the ownership of the property, and that this issue was found against him, he shows no ground of exception.

The refusal, at the close of the charge to the jury, to give a ruling which is unnecessary and not pertinent to the issue, is not error.

TORT, for the conversion of three cows and two calves, alleged to be the property of the plaintiff. The answer contained a general denial, and also alleged that the defendant was a deputy sheriff, and, as such, attached the property in question upon a writ brought by one Korth and another, against James W. Whippie and Louise A. Whippie ; and that the property so taken by him was the property of the defendants in that action, and not the property of the present plaintiff. Trial in the Superior Court, before *Fessenden*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to show that the plaintiff lived on a farm with his brother, and had bought in November, 1894, the three cows (the calves being the result of natural increase of the cows) of persons other than his brother, which cows and calves were kept on the farm.   In support of his answer, the defendant offered in evidence an attested copy of the writ and the proceedings thereunder, without offering a record of the judgment in the case, or introducing evidence to show any probable cause of action upon which the writ issued.

The counsel for the plaintiff admitted that the property was taken regularly on attachment; and that the only question in the case was as to the ownership of the property.

The judge charged the jury, in part as follows : " The evidence shows that the defendant was a deputy sheriff of Middlesex County, who went to the place with a writ to make an attachment under which he would be justified if the property belonged to the defendant in that writ."

The judge further instructed the jury, that there was no question that the defendant took the cows and calves as a deputy sheriff ; and that the plaintiff, in order to recover, must show by a fair preponderance of the evidence that they were his property; and otherwise instructed the jury as to the evidence tending to show that the cows and calves belonged to the plaintiff, and not to his brother, the defendant in the case of *Korth* v. *Whippie*, and on the question of damages ; to which instructions no exception was taken by the plaintiff.

At the close of the charge, the plaintiff asked the judge to instruct the jury " that the defendant as an officer has shown no justification for taking the plaintiff's property."   This instruction the judge refused to give.

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*J. P. Dexter*, for the plaintiff.

*G. W. Anderson*, for the defendant.

FIELD, C. J.    It is plain from the bill of exceptions that the jury must have found, under instructions not objected to, that the three cows and two calves alleged to have been converted by the defendant were not the property of the plaintiff, and that this was the only issue submitted to the jury.   The jury must have

understood that the defendant as deputy sheriff could not justify taking the property of the plaintiff by attachment on a writ in which he was not a defendant. The answer of the defendant in the present suit justified the taking only on the ground that the property attached was the property of the defendants in the action in which the attachment was made, and was not a good answer, because the present plaintiff was not one of these defendants; but under the answer denying all the allegations contained in the plaintiff's writ and declaration, it was for the plaintiff to prove that the property attached in the former suit was his property, and this the plaintiff failed to do. The refusal to rule as requested at the close of the charge to the jury is not error, because the ruling requested was unnecessary, and not pertinent to the issue.                *Exceptions overruled.*